IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-01175-SMY |
| PIERCE, K. ALLSUP, V. WOOD, K. BUTLER, ROWALD, B. SPILLER, QUALLS, WARHASUEN, B. BRAMLET, J. CLENDENIN, SEAN P. SMOLAK, DOUGLAS J. OSINGA, RHOADES, JERIC R. BURNS, CHRISTOP WEHRENBERG, MICHAEL M. JONES, JOHN DOE 13, JOEL B. SLAVINS, DYLAN E. KUEKER, GENEL T. BAILEY, and JANET COOK, | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections, filed a lawsuit pursuant to 42 U.S.C. § 1983. *Walker v. Butler, et al.*, 19-cv-445-SPM (S.D. Ill. 2019). Upon review of the Third Amended Complaint, the following claim was severed into this lawsuit:

> Count 16: First Amendment claim against Pierce, Allsup, Wood, Butler, Rowald, Qualls, Spiller, Warhasuen, Bramlet, Clendenin, John Doe 6, John Doe 8, John Doe 9, John Doe 10, John Doe 11, John Doe 12, John Doe 13, John Doe 14, John Doe 15, John Doe 16, and John Doe

>       17 for retaliating against Walker by mishandling his grievances and
>       making it difficult for him to use the administrative remedies process.

(Doc. 1).[1]

This matter is now before the Court for preliminary review of the Complaint as it pertains to the claim in this severed case under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint relating to the claim severed into this case (Doc. 2): While incarcerated at Menard Correctional Center from 2013 to 2016, Plaintiff was subjected to various acts of retaliation for filing grievances complaining about staff conduct and conditions at Menard, including the mishandling of subsequent grievances. Pierce, Allsup, Wood, Butler, Rowald, and Qualls all failed to respond to grievances or denied grievances. Spiller, who supervised Wood and Allsup, refused to prevent their retaliatory conduct. Warhasuen and John Does 8, 9, 10, 11, 12, 13, and 17 delayed Plaintiff's mail so that the Administrative Review Board received his grievances after the deadline, resulting in the denial of his grievances as untimely. Bramlet and Clendenin at times refused to copy his grievances or copied the grievances so that they were difficult to read, preventing him from timely appealing institutional decisions to the Administrative Review Board. John Does 14, 15, and 16 withheld grievances from delivery to and from the law library for copying.

In November 2015, Plaintiff grieved that he was not supplied adequate soap. He asked Butler about his lack of soap when she was doing rounds with a visitor from the John Howard

---

[1] Following severance, Plaintiff filed two motions to identify the Doe defendants (Docs. 14, 16); those motions are **GRANTED**.

Association. However, he was not provided soap by Butler, and his grievances were not responded to by Wood because he confronted Butler in front of the visitor from the John Howard Association. Additionally, his grievances requesting soap were removed from the grievance box and not delivered to the counselor's office by John Doe 6.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:[2]

> Count 1: First Amendment claim against Pierce, Allsup, Wood, Butler, Rowald, Qualls, Spiller, Warhasuen, Bramlet, Clendenin, John Doe 6, John Doe 8, John Doe 9, John Doe 10, John Doe 11, John Doe 12, John Doe 13, John Doe 14, John Doe 15, John Doe 16, and John Doe 17 for retaliating against Walker by mishandling his grievances and making it difficult for him to use the administrative remedies process.

## Discussion

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). And because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

Plaintiff's allegations are vague and he fails to make specific allegations tying each individual defendant to the alleged unconstitutional conduct. The factual detail is so sketchy that

---

[2]Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

the Complaint does not comply with Rule 8 or *Twombly* pleading standards. Therefore, it fails to state a claim against any defendant. Accordingly, the Complaint will be dismissed without prejudice and Plaintiff will be granted leave to file a First Amended Complaint.

## Disposition

Plaintiff's Motions to Identify John Does (Docs. 14, 16) are **GRANTED**. The Clerk of Court is **DIRECTED** to **RENAME** the Doe Defendants as follows: John Doe 6 as Sean P. Smolak; John Doe 8 as Douglas J. Osinga, John Doe 9 as Rhoades; John Doe 10 as Jeric R. Burns; John Doe 11 as Christop Wehrenberg; John Doe 12 as Michael M. Jones; John Doe 14 as Joel B. Slovens; John Doe 15 as Dylan E. Kueker; John Doe 16 as Genel T. Bailey; and John Doe 17 as Janet Cook.

The Complaint is **DISMISSED without prejudice** and with leave to file a First Amended Complaint by **October 31, 2022**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 21-1175)**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court

is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading.

If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 3, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**