IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES E. WALKER, # R02343,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-01175-SMY |
| | ) |
| **K. ALLSUP,** | ) |
| **V. WOOD,** | ) |
| **ROBIN ROWALD,** | ) |
| **BETSY SPILLER,** | ) |
| **B. BRAMLET,** | ) |
| **JENNIFER CLENDENIN,** | ) |
| **SEAN P. SMOLAK,** | ) |
| **DOUGLAS J. OSINGA,** | ) |
| **C/O RHOADES,** | ) |
| **JERIC R. BURNS,** | ) |
| **CHRISTOP WEHRENBERG,** | ) |
| **MICHAEL M. JONES,** | ) |
| **JOEL B. SLAVENS,** | ) |
| **GENEL T. BAILEY,** | ) |
| **JANET COOK,** | ) |
| **JOHN DOES 1-3 (Mailroom Officers),** | ) |
| **JOHN DOE 4 (C/O), and** | ) |
| **LISA QUALLS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections, filed a lawsuit in this district pursuant to 42 U.S.C. § 1983, designated *Walker v. Butler, et al.*, 19-cv-445-SPM (S.D. Ill. 2019). Upon review of the Third Amended Complaint in that action, the following claim regarding Plaintiff's incarceration at Menard Correctional Center was severed into this lawsuit on September 22, 2021:

> Count 16:   First Amendment claim against Pierce, Allsup, Wood, Butler, Rowald, Qualls, Spiller, Warhasuen, Bramlet, Clendenin, John Doe 6, John Doe 8, John Doe 9, John Doe 10, John Doe 11, John Doe 12,

> John Doe 13, John Doe 14, John Doe 15, John Doe 16, and John Doe 17 for retaliating against Walker by mishandling his grievances and making it difficult for him to use the administrative remedies process.[1]

(Doc. 1).

The Court redesignated this claim as "Count 1" herein and conducted a merits review of the Complaint under 28 U.S.C. § 1915A.  (Doc. 2) The merits review order dismissed the Complaint without prejudice because Plaintiff's allegations were vague and failed to connect each individual Defendant to the alleged unconstitutional conduct.  Plaintiff was allowed to file a First Amended Complaint.  (Doc. 17).

The First Amended Complaint (Doc. 18) is now before the Court for a preliminary review under 28 U.S.C. § 1915A.  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: Defendants Bramlet, Bailey, and John Doe 1 (mailroom officer), "in retaliation" between March 28, 2013 and April 5, 2013, failed to provide Plaintiff copies of two grievances (No. 85-1-13 and another unidentified grievance). (Doc. 18, pp. 21-22).  Defendant Cook, in "apparent retaliation to prevent a timely exhaustion," denied Plaintiff copies of these grievances on April 11-12, 2013.  By the time Cook produced a copy on July 30, 2013, it was too late for Plaintiff to timely submit an appeal to the Administrative Review Board ("ARB").  (Doc. 18, p. 22).

---

[1] Upon initial review, the Court granted Plaintiff's motions to substitute a number of John Doe Defendants: The former John Doe 6 is Sean P. Smolak; John Doe 8 is Douglas J. Osinga, John Doe 9 is Rhoades; John Doe 10 is Jeric R. Burns; John Doe 11 is Christop Wehrenberg; John Doe 12 is Michael M. Jones; John Doe 14 is Joel B. Slavens; John Doe 15 is Dylan E. Kueker; John Doe 16 is Genel T. Bailey; and John Doe 17 is Janet Cook.  (Doc. 17, p. 4).

Defendant Allsup refused to respond to four grievances Plaintiff filed on April 6, 2013 against her coworker Bramlet regarding confiscated grievances through mail, lockdowns, law library conduct, and state pay. (Doc. 18, p. 23). Plaintiff rewrote the four grievances as exhibits to a grievance against Allsup on July 19, 2013. Wood delayed her response to this grievance against Allsup and later denied it as untimely. On August 26, 2013, Plaintiff wrote Defendant Spiller (who supervised Allsup and Wood), enclosing the four copies of the grievances Allsup failed to respond to, and the grievance against Allsup. Spiller failed to respond to these grievances in "apparent retaliation." (Doc. 18, p. 24).

On August 19, 2013, Plaintiff placed Grievance No. 74-6-13 (about legal mail problems) in his cell bars for Defendant Osinga to pick up and place in the mail to appeal to the ARB. (Doc. 18, pp. 24-25). John Doe 2 handled the mail. The ARB did not receive Plaintiff's appeal until September 16, 2013, making it untimely and indicating apparent retaliation by Osinga and John Doe 2 to prevent Plaintiff from exhausting the matter.

On January 11, 2015, Defendant Clendenin failed and/or refused to provide Plaintiff with legible copies of two grievances he wished to appeal to the ARB. Defendant Slavens failed to timely mail Plaintiff's grievance material. Clendendin acted "in apparent retaliation to prevent timely exhaustion." (Doc. 18, p. 25).

On March 19, 2015, Plaintiff placed Grievance No. 216-10-14 and another grievance regarding property in his cell bars for Defendant Rhodes to pick up and place in the mail to appeal to the ARB. John Doe 2 failed to timely mail the material to the ARB, which did not receive it until April 21, 2015. Rhodes and John Doe 2 acted "in apparent retaliation to prevent a timely exhaustion of remedy." (Doc. 18, pp. 25-26).

On March 22, 2015, Plaintiff placed appeals to the ARB of Grievance No. 64-2-15 (over

3

mental health) and Grievance No. 154-10-14 (on conditions of confinement) in his cell bars for mail pickup by Burns. This was 24 days after the warden signed them. Defendant Wehrenberg had not returned these grievances to Plaintiff until ten days into his appeal period. They were not timely received by the ARB. Burns, Wehrenberg, and John Doe 2 (mailroom) acted in apparent retaliation to prevent Plaintiff from exhausting his appeal. (Doc. 18, p. 26).

Plaintiff placed an appeal to the ARB of Grievance No. 24-11-14 (on trust fund copies, postage, court fees, medical copay, and indigent supplies) in his cell bars for mail pickup by Defendant Jones on March 31, 2015. John Doe 2 handled the mail. Plaintiff's appeal was not received by the ARB until April 21, 2015. (Doc. 18, pp. 26-27).

Defendants Smolak and Wood confiscated Plaintiff's September 27, 2015 grievance over inadequate soap. Plaintiff confronted them after learning his grievance had not been received, but "out of retaliation," Smolak and Wood took no action to correct the wrongful taking of the grievance. (Doc. 18, p. 27).

On January 26, 2016, Plaintiff placed his appeal of Grievance No. 2-10-15 regarding law library conduct in his cell bars for pickup by John Doe 4 (formerly designated as John Doe 13). John Doe 2 (mailroom) failed to timely mail it, and the ARB received it too late (February 18, 2016) for Plaintiff to pursue relief in the courts over the matter. (Doc. 18, pp. 27-28). Defendant Qualls, "in apparent retaliation to prevent timely exhaustion," misstated the date the Warden signed this grievance as October 6, 2015 (the day it was received by the grievance office) rather than the actual signature date of January 15, 2016. (Doc. 18, p. 28).

Regarding Grievance No. 13-6-16 over laundry service, on June 3, 2016, Defendant Pierce in "apparent retaliation" misstated the dates of the counselor's receipt of and response to the grievance, causing it to be denied as untimely. Defendant Butler was complicit in the denial of

4

this grievance and failed to correct Pierce's misconduct. (Doc. 18, pp. 28-29).

Plaintiff placed a grievance addressed to the law library requesting copies in his cell bars on July 17, 2016, for mail pickup by Defendant Kueker. The law library didn't receive it and Plaintiff's grievance was not returned. Plaintiff informed Defendant Rowald about this staff misconduct on October 18, 2016, but she later denied Plaintiff's grievance over the incident. (Doc. 18, pp. 29-30).

Plaintiff was damaged by Defendants' interference with his grievances which left him "unable to seek proper redress on many issues at various times, including but not limited to the conditions of his confinement, delays or deficiencies in his medical treatment, etc." He seeks monetary damages. (Doc. 18, pp. 30-31).

Based on the allegations in the Complaint, the Court redesignates the severed retaliation claim into the following claims in this *pro se* action:

> Count 1: First Amendment retaliation claim against Bramlet, Bailey, Cook, and John Doe 1 (mailroom officer) for failing to provide Plaintiff copies of Grievance No. 85-1-13 and another grievance between March 28-July 30, 2013.
>
> Count 2: First Amendment retaliation claim against Allsup, Wood, and Spiller for failing to respond or delaying response to Plaintiff's grievances April 6, 2013, July 19, 2013, and August 26, 2013.
>
> Count 3: First Amendment retaliation claim against Osinga and John Doe 2 (mailroom) for delaying/mishandling Plaintiff's appeal of Grievance No. 74-6-13 in August-September 2013.
>
> Count 4: First Amendment retaliation claim against Clendenin for refusing to give Plaintiff copies of two grievances, and Slavens for failing to timely mail them to the ARB in January 2015.
>
> Count 5: First Amendment retaliation claim against Rhodes and John Doe 2 (mailroom) for delaying/mishandling Plaintiff's appeal of Grievance No. 216-10-14 in March 2015.
>
> Count 6: First Amendment retaliation claim against Burns, Wehrenberg, and

|  |  |
|---|---|
|  | John Doe 2 (mailroom) for delaying/mishandling Plaintiff's appeal of Grievance No. 64-2-15 in March 2015. |
| Count 7: | First Amendment retaliation claim against Jones and John Doe 2 (mailroom) for delaying/mishandling Plaintiff's appeal of Grievance No. 24-11-14 in March 2015. |
| Count 8: | First Amendment retaliation claim against Smolak and Wood for confiscating and failing to process Plaintiff's September 27, 2015, grievance over inadequate soap. |
| Count 9: | First Amendment retaliation claim against Qualls for misstating relevant dates on Grievance No. 2-10-15 and against John Doe 4 (C/O, formerly John Doe 13) and John Doe 2 (mailroom) for delaying its transmission in January 2016. |
| Count 10: | First Amendment retaliation claim against Pierce for misstating relevant dates on Grievance No. 13-6-16 in June 2016, and against Butler for failing to correct Pierce's misconduct. |
| Count 11: | First Amendment retaliation claim against Kueker for mishandling Plaintiff's July 17, 2016 grievance and against Rowald for denying Plaintiff's grievance complaining about the incident. |

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

The First Amendment prohibits prison officials from retaliating against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680

(7th Cir. 2020). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). It is not sufficient for a plaintiff's claims to "rest on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Throughout the First Amended Complaint, Plaintiff alleges that Defendants' failure to properly and timely handle his grievances and appeals, failure to provide copies, denial of grievances, misstating of dates, and other alleged misconduct was done in "apparent retaliation" or "out of retaliation." Yet, he does not describe any protected First Amendment activity on his part (aside from filing or appealing the grievances themselves) that may have motivated the defendants to hinder the processing of his grievances. He therefore fails to describe a chronology of events from which the Court may plausibly infer that Defendants acted with retaliatory intent. Moreover, the delays and omissions Plaintiff describes in nearly all Counts are consistent with negligence on the part of Defendants, and negligence is not enough to support a constitutional claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Plaintiff also fails to sufficiently allege that he suffered a deprivation intended to prevent or deter the protected activity. The only "deprivation" Plaintiff references is his ability to exhaust his grievances through the full administrative review process. In that vein, a prisoner does not have a constitutional right to access the institutional grievance procedure or to have prison officials comply with their own grievance process. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992). And Plaintiff's inability to exhaust his grievances does not necessarily bar his ability to litigate the issues contained in the grievances.

7

While exhaustion is required before a prisoner may bring a lawsuit, the requirement is excused if the administrative remedies are rendered unavailable by prison officials' refusal to respond to or timely process grievances. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Thus, any lawsuit Plaintiff may have brought based on the grievances at issue in this case may still proceed if he can demonstrate the unavailability of the administrative grievance process. *Id.* Here, despite his assertion that he was unable to seek proper redress on many issues, Plaintiff has not specifically identified any claim that he was unable to pursue because of Defendants' conduct with regard to his grievances. Nor has he described any other harm he suffered as a result of Defendants' alleged retaliation.

For these reasons, Counts 1-11 and this action will be dismissed for failure to state a constitutional claim upon which relief may be granted. Ordinarily, *pro se* litigants are allowed to submit amended pleadings when claims are dismissed on merits review under 28 U.S.C. § 1915A. *See Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 519-20 (7th Cir. 2015). However, because Plaintiff has been given multiple opportunities to amend his pleadings, the Court will not afford him the opportunity to amend yet again.[2]

This action had its genesis when Plaintiff filed suit in *Walker v. Unknown Party, et al.*, Case No. 15-cv-786-MAB (filed July 16, 2015). In that case, he was twice ordered to amend his pleadings because he included too many unrelated claims and parties, in violation of Federal Rule of Civil Procedure 20. (*See* Case No. 15-cv-786, Docs. 7, 11, 15, 16). He was assigned counsel, who was directed to file both an amended complaint and any further proposed complaints that Plaintiff wished to file. (Doc. 17, pp. 4-5 in No. 15-cv-786). The Second Amended Complaint

---

[2] The complicated history of Plaintiff's cases has been documented in other Orders from this district. *See Walker v. Butler*, Case No. 19-cv-445-SPM, Doc. 140 (S.D. Ill. Sept. 30, 2022); *Walker v. Thompson*, Case No. 21-cv-1173-SPM, Doc. 17 (S.D. Ill. June 13, 2022); *Walker v. Butler*, Case No. 21-cv-1174-DWD, Doc. 15 (S.D. Ill. Mar. 28, 2022).

filed by counsel on February 26, 2016, proceeded on a retaliation and a medical claim, and ultimately settled. (Docs. 34, 35 in No. 15-cv-786).

Plaintiff's counsel in No. 15-cv-786 submitted three additional proposed complaints by email on February 26, 2016, to be filed and severed into separate cases. (Doc. 33; Doc. 126, p. 2 in No. 15-cv-786). Unfortunately, those proposed complaints were overlooked and never filed as separate actions. When the error was discovered, the misplaced complaints were severed into three new actions on April 23, 2019.[3] One of the severed cases was *Walker v. Butler, et al.*, Case No. 19-cv-445-SPM (S.D. Ill.).

The Complaint that initiated Case No. 19-cv-445-SPM included claims for hindering Plaintiff's access to the courts and the grievance procedure from 2013 through December of 2014. That Complaint was dismissed with leave to amend. (Doc. 9 in No. 19-cv-445). Plaintiff's Second Amended Complaint, tendered on October 2, 2019, was allowed to proceed on several claims, but his claim regarding mishandling of grievances was dismissed as insufficient. (No. 19-cv-445, Doc. 21, pp. 10-11; Doc. 22). His Third Amended Complaint, submitted on September 17, 2020 (Doc. 76 in No. 19-cv-445), asserted the retaliation claim that was designated as Count 16 and severed into the present action on September 22, 2021 (Docs. 102, 103 in No. 19-cv-445; Doc. 1 herein).

Plaintiff again was allowed to amend his Complaint in this case following dismissal of the severed retaliation claim. (Doc. 17). In that Order as well as in the Orders dismissing Plaintiff's retaliation and grievance-related claims in Case No. 19-cv-445-SPM (Docs. 9, 21 in that case), the Court described in detail the deficiencies in his pleadings.

In sum, Plaintiff has been granted ample opportunity to raise and to re-plead his claims regarding the handling of his grievances at Menard as well as all other claims regarding his

---

[3] The other severed cases were Case No. 19-cv-446, which ultimately settled, and 19-cv-447, which is still pending.

conditions of confinement there.  As such, the Court concludes that it would be futile to give him yet another chance to amend these legally insufficient claims.  *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021).

## Disposition

Plaintiff's Motion for Extension Time to Amend Complaint (Doc. 21) is **GRANTED**.

The First Amended Complaint (Doc. 18) and this action are **DISMISSED on the merits with prejudice** for failure to state a claim upon which relief may be granted.  This dismissal counts as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th

Cir. 1998).

**IT IS SO ORDERED.**

**DATED: February 8, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**